1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    NII NEE,                                No.  2:24-CV-3185-DC-DMC

12              Plaintiff,

13         v.                                 <u>ORDER</u>

14    CALIFORNIA STATE, et al.,

15              Defendants.

16

17              Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18    Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by litigants who, as here, have

20    been granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under this

21    screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B).

24    Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

25    action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

26    the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

27    / / /

28    / / /

                                                  1

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff filed the original complaint on November 18, 2024. See ECF No. 1. Plaintiff asserts that the basis of jurisdiction is federal question under Article 6, Section 2 of the Constitution and the "Two Row Wampum Treaty Belt" and diversity jurisdiction because Plaintiff asserts that he is a diplomat. Id. at 3-4. Plaintiff seeks $666,000,000,000,000,000 in damages and criminal charges for treason. See id. at 5 and 6. Plaintiff contends that his cause of action arises under Article 6, Section 2 of the Constitution, the "Two Row Wampum Treaty Belt, International Treaty Laws, U.S. Treaty laws, and Vienna Convention Treaties of 1868." Id. at 5. In additional to the form complaint provided by the Eastern District, pgs. 1-6, Plaintiff attaches another form complaint of unknown origin, pgs. 7-16, a "Statement of Certification for Cuba," pg. 17, and an "Apostille," pg. 18. In the form complaint of unknown origin, Plaintiff contends that the Mt. Shasta Police and Siskiyou Sheriffs Department "unlawfully kidnapped and arrested" Plaintiff, while in custody Plaintiff was assaulted in the booking area, and he was not read his Miranda rights. See id. at 8. No other facts are provided.

On November 27, 2024, Plaintiff filed "exhibits." See ECF No. 3. This filing contained a transcript from a preliminary hearing on November 12, 2024, in the Superior Court of Siskiyou County, pgs. 1-33, an "Apostille," pgs. 34-37, another Statement of Certification for Cuba, pg. 38, an "Irrevocable covenant power of attorney in fact," pgs. 39-40, and an "Apostille Affidavit," pgs. 41-42. Id. On January 10, 2025, Plaintiff filed a notice of stay of proceedings alleging "fraud upon the court supreme court supervisor Simone Voltz & Max Alfaro." ECF No. 7, pg. 1. On January 14, 2025, Plaintiff filed two certificate/proof of service documents, ECF Nos. 8 and 9. On March 24, 2025, Plaintiff filed an exhibit which contained the same transcript included in the original complaint. See ECF No. 10. Finally, Plaintiff filed an acknowledgement of the receipt of three CD's. See ECF No. 11.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

The Court finds that the claims presented in Plaintiff's complaint are frivolous and will recommend that the action be dismissed with leave to amend.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The Court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).

Here, Plaintiff provides very little factual information underlying his claims. The preliminary hearing transcript[1] provides the most substance and indicates that Plaintiff may have actionable claims. See ECF Nos. 1 and 10. However, as currently pled, Plaintiff's stated claims rely on Plaintiff's assertion that Plaintiff is a diplomat and entitled to rights afforded by something referred to as the "Two Row Wampum Treaty Belt," an otherwise undefined document of unknown origin or form. Plaintiff provides no facts or information about what rights were violated under the alleged Two Row Wampum Treaty Belt. Even assuming that claim is actionable, the Court finds that there is no arguable basis in law or fact to support Plaintiff's claim that he is entitled to hundreds of quadrillions of dollars. Plaintiff fails to connect the facts underlying the state court hearing to his allegations of violations of Article 6, Section 2 of the Constitution, the "Two Row Wampum Treaty Belt", International Treaty Laws, U.S. Treaty laws, and Vienna Convention Treaties of 1868. Out of an abundance of caution and given the fact that

---

[1] The transcripts are from a Preliminary Hearing where the Defendant listed is Joe Emerson and the state court Judge indicates his a.k.a. is Ni'i Ne'e. See ECF No. 10, pg. 6. The Court assumes that the Defendant in the state court preliminary hearing is Plaintiff in the instant matter.

1   the transcript indicates that Plaintiff may have causes of action arising from his arrest, the Court

2   will provide Plaintiff with the opportunity to amend the complaint.

3                                          **III. CONCLUSION**

4              Because it is possible that the deficiencies identified in this order may be cured by

5   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

6   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

7              If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

8   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

9   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

10  each named defendant is involved and must set forth some affirmative link or connection between

11  each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

12  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13             Plaintiff is informed that, as a general rule, an amended complaint supersedes the

14  original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus,

15  following dismissal with leave to amend, all claims alleged in the original complaint which are

16  not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th

17  Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior

18  pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

19  amended complaint must be complete in itself without reference to any prior pleading.  See id.

20  Plaintiff is informed that the amended complaint must include all allegations and Defendants

21  Plaintiff seeks to include in this action. The Court will not look to prior or subsequent filings to

22  supplement the amended complaint.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

                                                  4

1     / / /

2            Finally, Plaintiff is warned that failure to file an amended complaint within the

3     time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

4     1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

5     with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

6     See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

7            Accordingly, IT IS HEREBY ORDERED that:

8            1.      Plaintiff's original complaint, ECF No. 1, be dismissed with leave to

9     amend; and

10           2.      Plaintiff shall file a first amended complaint within 30 days of the date of

11    service of this order.

12

13    Dated:  April 24, 2025

14    _____

15    DENNIS M. COTA
      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28