IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NII NEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE, et al.,<br><br>　　　　Defendants. | No. 2:24-CV-3185-DC-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion to reopen case, ECF No. 22.

**I. BACKGROUND**

On April 24, 2025, this Court dismissed Plaintiff's complaint, finding the claims presented in Plaintiff's complaint were frivolous and Plaintiff provided very little factual information underlying his claims. See ECF No. 13. Out of an abundance of caution and because the state court transcript Plaintiff provided indicated that he may have actionable claims, though such claims were not raised in the complaint, the Court granted Plaintiff leave to file an amended complaint. See id. Plaintiff filed what the Court construed as a first amended complaint, ECF No. 14, but this Court issued findings and recommendations recommending dismissal of the action for failure to state a cognizable claim because the first amended complaint made the same broad

1

1 | assertion that Defendants violated the Two Row Wampum Treaty without providing facts to
2 | support this allegation. See ECF No. 15. The District Judge adopted the findings and
3 | recommendations in full and dismissed the action with prejudice for failure to state a claim upon
4 | which relief can be granted. See ECF No. 18.
5 |       Plaintiff subsequently filed "exhibits," ECF Nos. 22, 25, and 26, a motion to
6 | reopen the case, ECF No. 22, and a notice of proof of service of writ of habeas corpus filed in
7 | Navajo County, ECF No. 24. The District Judge referred the motion to reopen the case to the
8 | undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). See ECF No. 23.
9 |       In the motion to reopen the case, Plaintiff contends that he never received the
10 | findings and recommendations issued on July 2, 2025, ECF No. 15. See ECF No. 22 at 1.
11 | Plaintiff contends that the exhibits he filed September 22, 2025, ECF No. 21, explained why
12 | Plaintiff failed to respond to the findings and recommendations. See id. Plaintiff asserts that he
13 | was "arrested, kidnapped, detained, and obstructed in [Plaintiff's] full diplomatic status . . .
14 | violat[ing] [Plaintiff's] diplomatic immunity" at the Navajo County Sheriff's Jail in Arizona. See
15 | id. Plaintiff alleges that he was unable to respond because he was detained from July 28, 2025,
16 | until August 14, 2025. See id. at 2. According to Plaintiff, he filed a writ of habeas corpus,
17 | challenging his detention in Arizona because "it is the law of the land Article 6 section 2 and the
18 | 'Supremacy Clause', pursuant to thee [sic] 'Two Row Wampum Treaty Belt' that [Plaintiff]
19 | carr[ies] . . ." Id.
20 |       Attached to the motion is a document that appears to be a record of Plaintiff's
21 | habeas petition filed in Arizona Supreme Court, pg. 3, a "writ of mandate" drafted by Plaintiff,
22 | pgs. 5-13, Plaintiff's habeas petition filed in the Superior Court of Arizona, pgs. 15-21, a
23 | Determination of Release and Order, pgs. 22-23, a default judgment arising from a civil traffic
24 | complaint, pg. 24, a "fugitive complaint," pg. 26, a Superior Court of California for Siskiyou
25 | Count warrant for failure to appear, pg. 27, a Siskiyou County Jail Transportation Unit fax to
26 | Navajo County Jail, pg. 28, New York documents, pgs. 29-30, an "irrevocable covenant power of
27 | attorney in fact," pgs. 31-34, Arizona Corporation Commission documents, pgs. 35-39, California
28 | records regarding limited liability corporations, pgs. 40-48, New York court documents filed by

Plaintiff, pgs. 49-52, a record of dismissal of charges against Plaintiff in New York, pg. 53, court documents filed by Plaintiff in New York, pg. 55, and a affidavit in support of a motion to proceed in forma pauperis, pgs. 56-60. See id.

In Plaintiff's September 22, 2025, filing, Plaintiff asserts that "enclosed are evidence/documents of OBSTRUCTION OF A DIPLOMAT, while I Ni'I' Ne'e' went on Travel to Clanmother/Headman I was KIDNAPPED. . ." ECF No. 21, pg. 1. Plaintiff asserts that he attached the writ of habeas corpus he filed, his international passport, and an irrevocable covenant power of attorney. See id. The documents attached include a "counter complaint," filed by Plaintiff in Arizona, pgs. 2-7, and the same documents attached to Plaintiff's motion to reopen case, pgs. 8-47. Plaintiff did not attach the affidavit in support of a motion to proceed in forma pauperis that he included in ECF No. 22 to this filing. See ECF No. 21.

In Plaintiff's "notice of proof of service of writ of habeas filed in Navajo County," Plaintiff provides receipts from U.S. Postal Service showing mail sent to Sacramento and a "proof of service" drafted by Plaintiff regarding a writ of habeas corpus Plaintiff filed in Siskiyou County Superior Court. See ECF No. 24. In Plaintiff's exhibits filing ECF No. 25, Plaintiff provides 35 pages of what appears to be court documents and filings Plaintiff made in Albany, New York. See ECF No. 25. In Plaintiff's exhibits filing ECF No. 26, Plaintiff provides documents he filed in Siskiyou County, pgs. 3-15, and 100 pages of court documents filed in California, Arizona, and New York, most of which were provided in Plaintiff's prior filings.

## II. LEGAL STANDARD

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling

1  law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent
2  manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665
3  (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied,
4  486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th
5  Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

6        Under Rule 60(a), the Court may grant reconsideration of final judgments and any
7  order based on clerical mistakes. Relief under this rule can be granted on the Court's own
8  motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and
9  docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is
10 pending. See id.

11       Under Rule 60(b), the Court may grant reconsideration of a final judgment and
12 any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
13 discovered evidence which, with reasonable diligence, could not have been discovered within ten
14 days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.
15 See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be
16 brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P.
17 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is
18 void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been
19 reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any
20 other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration
21 on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).
22
23                   **III. DISCUSSION**
24       As a preliminary matter, it is unclear how, and whether, the documents attached to
25 Plaintiff's motion to reopen the case apply to the present action. Many of the documents are dated
26 years before Plaintiff initiated this action and are filings in states other than California. The only
27 documents that may have bearing on this case, Plaintiff's affidavit in support of a motion to
28 proceed in forma pauperis, is inapplicable because this Court already granted Plaintiff's motion to

1  proceed in forma pauperis, ECF No. 4.

2  As to the delivery of docking filings and dismissal of this action, this Court's
3  findings and recommendations issued on July 2, 2025, ECF No. 15, were returned as
4  undeliverable on August 12, 2025, and August 19, 2025. Plaintiff filed a notice of change of
5  address August 25, 2025, ECF No. 17, and the July 2, 2025, findings and recommendations were
6  re-served to that address. The District Judge adopted the findings and recommendations over 14-
7  days after the findings and recommendations were re-served to the address Plaintiff provided
8  then. See ECF No. 18.  That is the same address that Plaintiff provides in his motion to reopen the
9  case. Service of the findings and recommendations was effectuated August 26, 2025, to that
10 address.

11 Though Plaintiff asserts that he was unable to respond to the findings and
12 recommendations because he was incarcerated in Arizona from July 28, 2025 until August 14,
13 2025, as noted above, service of the findings and recommendations was effectuated August 26,
14 2025, after Plaintiff alleges he was released. Though Plaintiff contends he has received no legal
15 mail to the address he provided, all filings were sent to that address, and service was effectuated
16 upon mailing. The Court notes that Plaintiff's action was not dismissed for for lack of prosecution
17 and failure to comply with court rules and orders, but rather, because Plaintiff's first amended
18 complaint failed to state a cognizable claim and the claims presented were frivolous. See ECF
19 Nos. 15 and 18. Plaintiff's recent filings make the same broad allegation about the Two Row
20 Wampum Treaty, without providing facts to underly the claim, and almost entirely consist of
21 irrelevant court documents from other states, years before Plaintiff initiated this action. Thus,
22 such filings do not demonstrate that Plaintiff can remedy such deficiencies.

23 Plaintiff's motion does not meet the standard required for reconsideration pursuant
24 to Federal Rules of Civil Procedure 59(e) and 60. Plaintiff alleges no clerical mistake, provides no
25 newly discovered evidence, nor asserts any fraud or misrepresentation by an opposing party.
26 Plaintiff may be intending to bring such motion to allege excusable neglect, however, as
27 explained above, this action was not dismissed for for lack of prosecution and failure to comply
28 with court rules and orders. And, Plaintiff's contention that he was unable to reply due to

1 | incarceration is insufficient because Plaintiff asserts he was released before the findings and
2 | recommendations were re-served to Plaintiff's address.
3 |       Based on the foregoing, the undersigned recommends Plaintiff's motion to reopen
4 | the case, ECF No. 22, be denied.
5 |       These findings and recommendations are submitted to the United States District
6 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
7 | after being served with these findings and recommendations, any party may file written
8 | objections with the court.  Responses to objections shall be filed within 14 days after service of
9 | objections.  Failure to file objections within the specified time may waive the right to appeal. See
10 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE